to the last few cases on the calendar, the last two. First of the last two is Powell v. Lambert. Good morning, Your Honors. May it please the Court. My name is Suzanne Lee Elliott, and I represent Mr. Powell in this appeal from a denial of his 2254 petition in the district court. Unlike the previous case, this appeal involves, I think, a relatively straightforward question. Yes, the last one makes this one look easy. Yeah. At least we can figure out what the issues are. And the question is whether or not the identified State court procedural bar applied in this case was firmly established and regularly applied. This case arises out of a 1979 murder that was adjudicated in 1982. Mr. Powell, obviously, in some issues had exceeded the Washington State time bar in raising a collateral attack under the Washington State personal restraint petition procedure. And when he filed in 1996, however, there was no clearly established and regularly applied Washington State mixed petition rule. And in fact, it's undisputed that when Powell filed his PRP in 1996, there were various opinions out there about the application of Washington's mixed petition rule. As we have said in our brief, in some cases, the Washington State Supreme Court accepted review of a personal restraint petition, refused to consider claims that were time barred, but went ahead and considered claims that were not time barred. The two cases that we've cited are Benn and King. In addition, in the appellate courts, there are unpublished cases in which the appellate courts did the same thing. In fact, in this case, in Division II, the Washington State Court of Appeals Division II, the Washington State Court of Appeals considered all of Mr. Powell's issues and, in fact, remanded two of those issues for a lengthy evidentiary hearing in the state – in the Pierce County Superior Court. After that evidentiary hearing was held, the matter came back to Division II. Division II issued an opinion on all of the issues. Mr. Powell, having lost, filed a motion for discretionary review in the Washington State Supreme Court. There was no answer by the Pierce County prosecutor. And at that time, in a sua sponte fashion, the Washington State Supreme Court commissioner found under the Washington State time bar statute that the entire position had to be – petition had to be dismissed. Kennedy. Now, I found that commissioner's order odd. There are two sentences that don't quite fit together. The first sentence says, could have been, and then the second sentence turns into, in effect, a must. I don't get it. That is because the commissioner was, at that time, not on firm state court grounds. It was before the Washington State Supreme Court's opinion in In re Stoudmire. So the commissioner's decision on March 17, 2000, anticipated the Stoudmire decision but couldn't be stated with the kind of authority that the Attorney General now states in the mixed petition rule. In addition, I mean, I went back and looked at the commissioner's ruling again last night because I thought this Court might ask me, well, which claims are time barred according to the commissioner and which aren't. The commissioner didn't go through and determine which are and which aren't. He left it very vague. Kennedy. Maybe I should summarize or paraphrase the commissioner's order. I'll just read from it. It's, as you know, ER-151. The commissioner writes, Even if the statute could be disregarded, which it cannot, the trial court's findings following the evidentiary hearing showed that it was not material. Well, even that second sentence, I have to say, is ambiguous. Even if the statute could be disregarded. Well, he just told me the statute permitted it. He didn't say that he must. Then he says you can't disregard the statute. Well, of course not. But that's what he said. That begs the question what the statute means. It does, but I think he's also confusing both the time barred and the non-time barred claims because it's clear that claims of newly discovered evidence fall under the exception to the one-year time bar. And in Mr. Powell's case, we'd had this whole three-week evidentiary hearing in Pierce County Superior Court talking about this newly discovered evidence. He says that's exempt. I mean, that's the first part of the paragraph. Right. So the statute cannot – I think what he's trying to say is it cannot be disregarded on the time barred issues. But he's fudging a little bit on the newly discovered issues. And as I said, that's because he's anticipating statute. Kennedy. The question that I'm sure Judge Gould and Judge Fletcher are fully familiar with, but it's really true that in Washington a commissioner overrules a court of appeals? Yes. Does he – how does he get – how does a commissioner get there? Does he get elected by the voters? Isn't he just acting under a delegated authority from the Supreme Court? He represents the full panel of the Supreme Court. And after he makes this determination, it's kind of very much like the magistrate in the district courts. You may file a motion to modify the commissioner's ruling with the full panel, but you don't get a written ruling. You get a granted or denied. But he just says that those judges on the court of appeals, who I assume are elected to the court, they don't know what they're doing. I'm the commissioner, and I say they're wrong? In this case, that is precisely what the commissioner of the Washington State Supreme Court did, and he did it to esponte. Okay. As I said, you know, I'm just curious. But he's like a magistrate judge. The magistrate doesn't overrule a district judge or anybody else. The magistrate is just an employee of the court to whom we delegate some authority to make decisions. He doesn't overrule the court of appeals or the trial court. Well, he does. The magistrate in the Federal system can alter a State court judgment. Oh, well, that's different. He's a Federal official. We do have a supremacy clause, although some people don't recognize it. But that's different. But I never heard of a, you know, any other thing where a State court, a plenipotentiary, whatever he is, some person who gets an administrative job, tells the court of appeals they don't know the law? Well, it might be more politic to call him a gatekeeper. Doesn't he do it like a report and recommendation? No. He doesn't. No. He is the gatekeeper. He is the one who says, denied, review denied or review granted. But then you can go to the Supreme Court and ask them to review what he does. Go to the chief judge. File a motion to modify as considered by the chief judge. Why don't they get rid of the other justices on the Supreme Court? I think that would save a lot of taxpayer money travel. I think the question would be which courts you're on. I don't know. State courts, this is okay. At any rate, my point here is that the at the time that Mr. Powell filed his petition, this very draconian mixed petition rule was not firmly established by the Washington State Supreme Court. In fact, they had been ignoring it on their own, as had the lower courts. Ignoring it? They hadn't created it yet. Well, they hadn't created it and they hadn't interpreted the statute to. The statute seemed to say it. They didn't make it. It's not like they made a rule of judicial doctrine that's like out of the air. All they did was say the statute means what it says. So. But in the Ben and the King case, they had the statute in front of them and they said, well, we're going to consider those claims that are not time-barred. And, in fact, it's a very draconian rule. It doesn't really make much sense, because in our State now, if you have an arguably time-barred claim, the inclination, the very substantial inclination is to not include it in your petition, because if there is one claim among ten that is arguably time-barred and the appellate court identifies it as time-barred, your entire petition is out of court, unlike the Federal courts, which are much more humane in this regard. You get no notice that you may strike those time-barred claims from your petition and go forward on the ones that are not time-barred. Here, Mr. Stoudmire, in fact, had his entire petition thrown out of court. Now, he did go back and refile the non-time-barred claims, which went up and resulted in yet another Washington State Supreme Court opinion. It seems very counterintuitive to me and a waste of judicial resources. But no one, I don't think, anticipated the draconian application of the rule that Stoudmire engaged in. Clearly, the Court of Appeals Division II didn't in this case. They went ahead and considered the entire position, petition. The other claim is that the Washington State Court of Appeals applied a good cause exception to the time bar, the statutory time bar in Washington. Again, that was not firmly established and regularly the Supreme Court later found that there is no good cause exception to the time bar statute in Washington. That rule was not firmly established and regularly applied until well after 1996. I would point out that in this case the commissioner also did not or the magistrate and the district court judge also denied our claim on that basis by finding that Mr. Powell had not carried his burden of proof on that issue. The district court judge and the magistrate did not have the benefit of this Court's ruling in Bennett v. Mueller that was decided between the time of the filing of my opening brief – I mean between the time of the decision by the magistrate and the time of the filing of my opening brief. So that forms a basis independent of the merits of our case to reverse this matter and send it back to the district court judge. Kennedy. Did it need to be sent back? I mean, what's the district judge going to learn that we don't know? Is there any testimony or is it just all, you know, read these cases, is the rule established or not? The courts do seem to reduce this to something of a numerical. How many cases have applied the procedural bar in whatever State court we're talking about and how many haven't? If it's independent, if it's basically at equiposed, then there's no firmly established regularly applied rule or there's no rule at all. On the good cause issue, I think the problem here is that there's – But do you have to reach the good cause issue? You don't. I don't believe you do. So if you decide the rule's not firmly established, then we just send it back to the merits, right? That's correct. Now, the only issue is how many of the claims – what the district court would do with all of the arguably time-barred claims. Under a good cause exception, they would all be considered by the court. Under a mixed petition rule, I'm certain that my able counsel on the other side will argue that, well, you'll only get to talk about the non-time-barred claims now, even under your analysis of the mixed petition rule. A good cause exception would allow Mr. Powell to argue all of the issues now. So I will save whatever remaining time I have for rebuttal. Thank you. May it please the Court. My name is John Sampson, Assistant Attorney General, representing the respondent. The district court in this case properly denied relief because Mr. Powell's claims are The question of whether a law is adequate to bar relief is whether it's clear, consistently applied, and well-established. Rules that are found not to be adequate fall within two narrow categories. The first is those that are selectively applied to bar the claims of certain litigants, and the second, that it's so unsettled due to ambiguous or changing state authority that applying them to bar this litigant's claims would be unfair. In this case, the time bar is clearly established. This Court has previously held in Shumway v. Payne, cited in the State's brief, that the time bar is an adequate state bar, and that ruling is binding on this panel. In addition, the state time bar and its exceptions are clearly established because they're set forth in a statute. And the statute says that for a petition filed outside of the one-year time limit to be considered by the court, it must apply to claims that are based solely on one or more of the following grounds. What do we do, though, if the statute read by itself does seem clear, but the state court seems not to be applying the clear words of the statute? Your Honor, I would submit the case here. I would submit, first, the State doesn't concede the issue of burden of proof. I don't think the issue has been resolved by the Supreme Court. But even under this Court's decision on the shifting rule, the Petitioner still has to come forward with the initial burden to show it being inadequate. And all the Petitioner has done is present two unpublished decisions where this has allegedly occurred. Well, you say allegedly occurred. It didn't occur in those unpublished decisions? It did. Okay. But only in two cases. How many? Two is not enough? That's right, Your Honor. In Shumway v. Payne, this Court said that to show a rule is inadequate, you have to show that the Court does not apply it in the vast majority of cases. An isolated case or two is not sufficient. How many cases would there be in a year? How many petitions to the Supremes? I would say hundreds. Eight Supremes. Hundreds, if not thousands, Your Honor, dealing with all the cases in the ---- Well, would it make the most sense for us to remand under Bennett, the Bennett case? Because the district court clearly didn't apply that burden-shifting analysis. And for me, at least, it would make more sense to let the district court, who has some knowledge of Washington law, too, but the district court has been here a while, and at least let the district court grapple with the issue of consistency of application with briefing from the state and from Ms. Elliott and refine a decision before we take it on. That is an option, Your Honor. Your Honor, I don't believe it's necessary because I believe that even under the burden-shifting rule, the state has shown that the law is adequate. It's set forth in a statute. The decision by the Washington Supreme Court in In Re Stoudemire basically quoted the statute by verbatim. It was a unanimous decision by the Court, and they did not cite contrary cases. There are no contrary cases, published cases that say that a mixed petition rule does not apply. Let me ask you this, though. If we're talking about facts rather than published cases, we're talking about what they did. So in that sense, the unpublished cases, I think, are evidence as to what they do. We know that there are two cases in which they don't apply the rule, two cases prior to Stoudemire. How many cases do you have in the record in front of us in which they have, at the time relevant to this case, at the time of the Commissioner applying it here, how many cases, published or unpublished, do you have in the Washington Supreme Court where they applied the rule as they eventually applied it in Stoudemire? It's two on one side. How many are on the other? Three.     Three on one side. Three on one side. And how many cases were they applied the time bar? When they applied the mixed petition rule. I mean, if it's two to nothing, you lose a lot. But if it's two to 5,000, you're doing pretty well. All I can say, Your Honor, is that on the States Brief at page 18, there are 11 published cases where the court has applied the time bar. My own personal experience of having... Applied the time bar in a mixed petition case? No, Your Honor. Applied the time bar. The mixed petition is the issue, in fact. It's solely on the ground, though. That's the problem. It's not in the record. And the reason, I guess, I didn't put it in the record was because I wasn't aware that the State held any burden in this case. In light of the Bennett case, I will probably do it in the future. But I know... There isn't any burden at all. I mean, if it's two to nothing, it's their burden. They win. I mean... No, Your Honor. Because the statute on its face says it has to be based on one or more of the falling grounds. Let me make myself clear. I view it, and we all know this is so, that there are certain statutes that say X, but the Court says the statute means Y. And the Court wins. Now, and the Washington State Supreme Court wins if it says the Washington statute means this. Okay, that's what it says. And just because the statute means something else, if the Washington Supreme Court is behaving differently, that's what's happening. And so if the defendant comes in or the petitioner comes in and says, listen, I've got two cases that show that that's not how they read it, and you come in with none, they carry their burden. Well, no, Your Honor, because I come in with a Washington Supreme Court published decision that says, this is what the statute says. But you come in with this decision that's later. It doesn't matter. Why doesn't it matter? Because the statute is the authority. No, you're not taking my point then. At the time that the appellate commissioner or the Supreme Court commissioner acts, we've got behavior by the Washington State Supreme Court in two unpublished opinions that say, well, the way we behave, we don't read the statute that way. Later on, of course, they come in and they say, well, we do read the statute that way. But the relevant time period is the time the Supreme Court commissioner acts. But that's not the rule for adequacy, Your Honor. Why is that not the rule? In Shumway v. Payne, this Court held that the petitioner has to show, at least to carry the initial burden under Bennett, I suppose, would be the new rule. The petitioner has to show that the Supreme Court does not apply the rule in the vast majority of cases. In two cases out of the hundreds of personal respect cases. Two cases out of how many mixed petition cases? That's what I keep asking you, and you say you don't have any. And I suppose if that's the issue, then we need a remand to decide that issue. Also, the petitioner didn't define the universe of how many cases there were. And in my view, contrary to, I guess, Judge Fletcher's views, the petitioner doesn't really show by citing two unpublished cases that that's what's done in the vast majority of cases. Just the record here doesn't answer it. So, you know, and I would read the Supreme Court's case as saying this is what the statute is, and this is what the law is, was, always was. That's the fiction of, you know, judicial decisions. They usually are saying this is what the law has always been. So for me, it's ambiguous enough that I would ‑‑ I'd like to let you both wrestle it out in front of Judge Bryan on a remand, but I don't know if my colleagues feel the same way. They may feel ‑‑ Well, I'm very sympathetic to Judge Gould's position. If there was not an adequate opportunity below for you to put in the cases that go the other way from these two unpublished. On the other hand, if you had an opportunity, well, I mean, why didn't you do it? Well, Your Honor, I would argue that we did not have a fair opportunity in light of the new case that shifts the burden to the State when we never had that. But here's my point. I want to make sure you address it because you've got to convince me for my vote. I don't know about the others. But even if the burden is solely on them, both the burden of production and burden of persuasion, if they come in with two cases that say this is how the Court was behaving at the relevant time, and you come in with zero, you don't say, well, in the vast majority of cases they're behaving my way because you don't have any cases on your side. Well, they lose, two to nothing. Two cases go her way, none go your way. It's more than the vast majority. It's unanimity. No, Your Honor, it's not. So even before Bennett, you had some obligation to come in and say, no, no, that's not really what happens. No, Your Honor, and these are the reasons. First, we have the statute, and the statute is the law. Second, we have published decisions, which say the statute means what the statute says. And third ---- Published decisions on the mixed petition rule? Yes. Before we get to the Supreme Court Commissioner's acting? No. You've got to keep kind of staying with me. The question is, what was happening at the time the Supreme Court Commissioner rules in this case? And that's my third point. The third point is, in looking at whether it's adequate, you look at the law, at the case law, and that's published case law. Unpublished cases are not precedential. They have no relevance. Well, yes and no, but our question is not what the precedent is. Our question is, what happened on the ground? And the law is, in Washington, and it has been since 1989 when the statute was enacted, that if a petition is based on more than one ground, and more than one ground don't fall within that statutory assent, it's dismissed. So far, I think we're just kind of like this, and now we're coming together again. Do you have any cases, published or unpublished, at the time the Supreme Court Commissioner had to go your way on mixed petition rule? I'm certain I do. They're not part of the record. So what they are? Well, I can cite to you to the 11 cases on page 18 of our brief where the Court applied the time bar in published cases, and I can tell you, Your Honor, that I've worked on in the last year. But do these apply to mixed petition rule? They apply the time bar. No, I'm asking you a different question. I don't know. I don't know. Okay. I don't know. So you don't know that there are any cases in which the mixed petition rule ever applies? I'm sure there are. I'm sure there are, Your Honor. I've been doing habeas cases for over 10 years. I know I have seen those in the past. But I can't tell you which cases they are by name. But the State's position is that we cited here so described. Not so described, Your Honor. Whether or not any of these cases do include, they may. You want to say, well, maybe in these cases, there may be one, but you're not sure. Yes, Your Honor. But even so, you don't look. It's the State's position that the Court does not look at these isolated, unpublished decisions, because that is not the law. The law is what the statute says. And the statute gave fair notice to Mr. Powell that he had until July 23, 1990, to file a petition. And then if he went beyond that, that any petition would be fair notice to the Court of Appeals, too. Yes. And they didn't understand it that way, either. They erred, as the Washington Supreme Court found. The Court committed error. Well, no. Well, the Commissioner. The Commissioner. And that decision was affirmed when the Court denied the motion to modify it. Well, even the Commissioner didn't so sound. The Commissioner said they could have. They didn't say they must have. The Commissioner said they could have, and then went on to the merits and said you lose on the merits. Well, the Commissioner also said the statute is mandatory. Well, yeah, but that's what the statute means. If the Court's asking whether the Commissioner actually applied the bar, that issue is not before the Court. Petitioners conceded that his claims were found to be time-barred, and that's not part of the certificate of appeal. But I'm trying to read the Commissioner's order and try to figure out, was it clear to the Commissioner that the Stoudemire rule was the rule? And as I read that order, it wasn't. Because the Commissioner says could have applied the mixed petitions rule. Your Honor, the Commissioner. The statute has to be applied, but then he didn't tell me that the statute's mandatory. I'm reading in the entirety of both pages the Commissioner saying the court of appeals erred. Let's look at the language. I'm with you. It's ER-151. Is that the key language? I believe so, Your Honor. Okay. What language are you relying on? On both the first page and the second page, first it talks about the court of appeals erred in finding that the petition was not time-barred based on a good cause. Yeah. That's the first sentence in the second paragraph. Yeah, yeah. I'm interested in the time-barred and the mixed petition rule. Well, that does go to the time-barred. And then in the second page on the second or on the first full paragraph, the Court then talks about how certain claims are exempt if they fall within the statute. Right. But they have to fall within the statute. Right. And it has to be based solely on the grounds listed in the statute. Otherwise, it's dismissed. Well, it doesn't quite say that. I'm reading the last full paragraph, ignoring the last sentence, which is a single paragraph. Read the sentence. Read the paragraph. Claims based on newly discovered evidence are exempt. But the exemption refers to a petition or motion that's solely on the listed grounds cited in the statute. Mr. Petitioner was not based solely. The court of appeals could, therefore, have dismissed. It didn't say must have. But then it says even if the statute could be disregarded, which it cannot. Right. Citing Shemway. But that begs the question of what the statute means. No. I respectfully disagree, Your Honor. The statute is clear on its face. The Washington Supreme Court, in a unanimous decision without citing any contrary cases and citing to the exact language of the statute, said that Shemway was exempt. Well, I can understand why the Washington State Supreme Court does not want to cite any primary case, any contrary cases, because they're unpublished and it doesn't want to fess up as to what it's been doing. I see that repeatedly in State courts. It's not as no surprise. It's common behavior. Okay. I understand, Your Honor. I guess we're at loggerheads here. Okay. It's the State's position is that in ruling on the adequacy, though, that the court looks at the statute, the court looks at the published decisions. There are no published decisions to the contrary. If the State – if the court wishes to remand, I can provide the district court with the citations to cases where the court had applied unpublished decisions, a mixed petition rule to bar petitions that had. Can I ask you what happened in this practice that we don't really know too much about and what happens now? When you bar a petition, a mixed petition, does that mean it's all gone for good or can you refile any part of it? I believe, as Mr. Stoudemire did, you can file a new petition that contains only those claims. And so this magistrate's ruling or commissioner's ruling did not preclude them from filing the ones that were within the exception? He could have done so. He chose not to. That's my understanding, and I believe that Petitioner's counsel has indicated the same. Could he do so now? Now I believe he would be both time-barred and possibly barred under a latches argument, and there would be a successive petition bar because he's already proceeded with his third petition. So there would be now I would argue it's too late. Intervening third petition. I'm sorry? When you say a third petition, there's an intervening third petition. No, this was his 1996 petition was his third petition. Oh, well, then I don't understand your previous answer. That is to say you say, well, he could go forward and file it again, but now you just said there's an intervening petition, which is this petition. Yes. And he litigated that throughout, so there that would be a different situation potentially. The Court may be talking about successive petition is not what's before the Court, so it's there's a there's another rule of law that applies to successive petition, and that that does have a good cause, and that does have other exceptions that aren't in the time bar. But looking at the time bar alone, he could have filed a new petition that contained only those claims that satisfy the statute. That is to say the newly discovered evidence claims. Right. But now 10 years later or 7 years later, it's no longer newly newly discovered. So now it would be. I mean, he sat on it for a long time. Yes, Your Honor. Perhaps I was confusing the Court with that, but now it would clearly be time bar because it would not be newly discovered. The newly discovered doesn't really mean after trial. It means when you discover it after trial, you've got to file promptly. Yes, Your Honor. It has to be a due diligence, and they have to they have to pursue that. They can't wait 10 years and then say, well, I discovered it the day after trial, so it's newly discovered. Unless the Court has questions, we would ask the Court to affirm the district  Thank you. Thank you, Your Honor. I have three quick points. First is, it's not just two unpublished cases. On page 14 of my opening brief, I point out that the Washington State Supreme Court had rejected time-barred claims and reached the merits of timely claims in In Re Ben, 134 Wash 2nd, 868, which was a death penalty case, and State v. King, 130 Wash 2nd, 517, which was a multiple count rape case. Now, I agree they didn't say, boy, there's a time bar out there and we're ignoring it. What they did was they simply refused to consider those claims that were arguably time-barred and went on to consider those that weren't. So in practice, they did not interpret the statute as saying that they must dismiss up until Stoudmire. Then there are the two unpublished cases. My second point is that Mr. or the State and I, Mr. Lambert and Mr. Powell, have a disagreement about whether it is the macro, that is, the time bar itself, which I agree there are a number of published cases in Washington about or the application of the mixed petition rule. And I did go through and annotate those cases on page 18 of the State's brief and would submit that there was no Washington State supreme court case applying the mixed petition interpretation of the time bar before Stoudmire. And I finally would like to leave the Court with this impression of the cases. You mean there was none cited in their brief? There was none cited in their brief. Those cases I've gone through, you know, post-1996, first of all, it's past the time, that Mr. Powell filed his petition. And we know from Wells that it has to be the rule in place at the time he filed his petition, and then not a mixed petition case. And I could not find any case prior to 1996 where the mixed petition rule was explicated by the Washington State supreme court or the courts of appeals cited by the government. I wonder if your adversary would object to filing supplemental briefing in this Court. I mean, one of his arguments has been he didn't have a chance to do it, but this is just case research on published cases. Okay. That's just a wonder. Okay. And finally, you know, the State makes a number of complaints about the time bar and the non-time bar and what the rule was, what the statute said at the time. But let's face it. In 1996, when Mr. Powell filed his petition, the Pierce County prosecutor argued that it was time barred and that there was no good cause exception. The Court of Appeals Division II said, no, you're wrong. We're going forward with this case. We're considering all the issues, and we're remanding for an evidentiary hearing. Pierce County prosecutors did not understand their position to be so strong as to then take any kind of interlocutory appeal. Instead, they went back to the trial court and went through this three-week evidentiary hearing, came back, fully briefed the case again, went on to the Washington State Supreme Court after Mr. Powell filed his motion for discretionary review there, and never once argued the time bar. It was only when the Commissioner, Suis Ponte, raised it that this issue came up. Mr. Powell had never addressed it before then. So in terms of fairness, it seems clear to me that at the point in time that it was important to Mr. Powell, the mixed petition rule was not firmly established and regularly applied, and literally no one viewed it that way. We would ask the Court to reverse the district court's ruling in this case and remand for appropriate proceedings. Thank you. Thank you, Counsel. The case just argued will be submitted. The final case of the morning is United States v. Red Eagle.
judges: Reinhardt, W Fletcher, Gould